**WESTERN PAC. R. CORP. et al. v. WESTERN PAC. R. CO. et al.**

**METZGER et al. v. WESTERN PAC. R. CO. et al.**

No. 12506.

United States Court of Appeals Ninth Circuit.

June 12, 1953.

Pope, Circuit Judge, dissented.

Herman Phleger, Moses Lasky, Brobeck, Phleger & Harrison, San Francisco, Ca., Frank C. Nicodemus, Jr., Norris Darrell and Mahlon Dickerson, New York City, Le Roy R. Goodrich, Oakland, Cal., for appelant Western Pac. R. Corp.

Herman Phleger, Moses Lasky, Brobeck, Phleger & Harrison, San Francisco, Cal., for appellant du P. Bayard, Receiver.

Julius Levy, Webster V. Clark, Rogers & Clark, San Francisco, Cal., Pomerantz, Levy, Schreiber & Haudek, New York City, David Freidenrich, San Francisco, Cal., for appellants Metzger and others.

Allan P. Matthew, James D. Adams, Robert L. Lipman, Burnham Enersen, Walker Lowry, McCutchen, Thomas, Matthew, Griffiths & Greene, San Francisco, Cal., for appellee Western Pac. R. Co. and others.

Everett A. Mathews, Pillsbury, Madison & Sutro, San Francisco, Cal., A. Donald MacKinnon, Milbank, Tweed, Hope & Hadley, Forbes D. Shaw, Whitman, Ransom, Coulson & Goetz, New York City, for appellee Western Realty Co.

Before DENMAN, Chief Judge, and MATHEWS, STEPHENS, HEALY, BONE, ORR, and POPE, Circuit Judges.

PER CURIAM.

On or about January 3, 1951, a division of this court consisting of Circuit Judge Healy and District Judges Fee and Byrne was designated and assigned to hear and decide this case. For that purpose, the division constituted the court. The division heard the case on February 28, 1951, and decided it on October 29, 1951.[1]

On December 17, 1951, three of the parties (Meredith H. Metzger, Henry Offerman and J. S. Farlee & Company) filed a petition for a rehearing and a rehearing en banc. On December 18, 1951, two of the parties (Western Pacific Railroad Corporation and Alexis I. du P. Bayard) filed a petition for a rehearing and a rehearing en banc. On January 30, 1952, the division made and entered an order denying the petitions of December 17, 1951, and December 18, 1951, for a rehearing and striking them in so far as they sought a rehearing en banc.[2]

On March 10, 1952, Western Pacific Railroad Corporation and Bayard filed a petition for leave to file a motion (1) to vacate the order of January 30, 1952, and (2) to reinstate the petition of December 18, 1951. The division requested that the petition of March 10, 1952, be considered and acted upon by the court en banc. The request was

1. Western Pacific R. Corp. v. Western Pacific R. R. Co., 9 Cir., 197 F.2d 994.

2. Id., 9 Cir., 197 F.2d 994, 1012.

complied with. The court en banc considered the petition of March 10, 1952, and, on July 9, 1952, made and entered an order denying it.[3]

The Supreme Court granted certiorari [4] and, on April 6, 1953, vacated the orders of January 30, 1952, and July 9, 1952, and remanded the case to this court for further proceedings.[5]

On May 27, 1953, this court's Rule 23 (formerly Rule 25) was amended by adding thereto two new paragraphs reading as follows:

"All petitions for rehearing shall be addressed to and be determined by the court as constituted in the original hearing.

"Should a majority of the court as so constituted grant a rehearing and either from a suggestion of a party or upon its own motion be of the opinion that the case should be reheard en banc, they shall so inform the Chief Judge. The Chief Judge shall thereupon convene the active judges of the court and the court shall thereupon determine whether the case shall be reheard en banc."

Pursuant to the Supreme Court's decision of April 6, 1953, and this court's Rule 23, as amended, it is now hereby ordered by this court en banc that the petition of March 10, 1952, be and is hereby referred back to the division,[6] and that the division be and is hereby designated and assigned to consider that petition and to take such action thereon as may be proper, such action to be in conformity with this court's Rule 23, as amended.

POPE, Circuit Judge (dissenting).

Since any action taken by the division is, under this order, "to be in conformity with this court's Rule 23, as amended," this means that if the division is of the same opinion it was before then the case is at an end. When the various petitions presently remaining undisposed of were filed, amended Rule 23 was not in effect. Normally such a rule should operate prospectively, and upon future petitions only. To apply such procedure retrospectively in the circumstances of this case would in my opinion be an abdication of the duty which this court owes to these litigants.

I think our duty is a very simple one. It is solely to do the best we can. By that I mean that it is the duty of this court, as now constituted, to spare no effort to bring this important litigation to a right conclusion. We have here a case involving an apparently novel point of law. To date the judges who have considered its merits are equally divided as to who should win. Mr. Justice Jackson and Judge Fee think the plaintiff should prevail. Judge Healy and Judge Byrne think otherwise. There remain six judges of this court whose power to break this tie is clear. The question is, is it our duty to do so? I think it is. I cannot think of a situation more clearly requiring action rather than abstention, decision rather than avoidance. The case is now in our hands as a full court.[1] I think it is our duty to keep

3. Id., 9 Cir., 197 F.2d 994, 1013.

4. Id., 344 U.S. 809, 73 S.Ct. 28.

5. Id., 345 U.S. 247, 73 S.Ct. 656.

6. The petitions of December 17, 1951, and December 18, 1951, have never been, and are not now, before this court en banc.

1. It would be possible to give what is said in the court's footnote 6 a meaning with which I would not agree. As the opinion of the Supreme Court discloses, there has been some difference of opinion among the judges of this court as to the significance of certain language used in our former opinion. See 345 U.S. at page 266, 73 S.Ct. 656. Whether that language

was what the court decided, or mere dictum, the Supreme Court at any rate quoted it 345 U.S. at pages 264–265, 73 S.Ct. at pages 665, 666, of its opinion, and proceeded to disagree with it. That language was: "Circuit judges other than those designated to sit on such court or division are not members of it, and officially they play, and are entitled to play, no part in its deliberations at any stage. * * * 'A petition for rehearing in any such case, whatever its form or wording, must necessarily be treated as addressed to and is solely for disposition by the court or division to which the case was assigned for determination.'" As the Supreme Court put it, if the quoted lan-

it there, to hear arguments on it, and to decide it.

DENMAN, Chief Judge (concurring).

In concurring with this order in which the Court of Appeals en banc divests itself of its jurisdiction of this appeal, it should be made clear that the question of a rehearing en banc is to be considered *de novo* by the division consisting of Judges Healy, Byrne and Fee. That that division has not yet considered the merits of the motion for such a rehearing en banc appears from that division's refusal to consider that motion in the following language:

> "Insofar as the petitions seek a rehearing en banc, they are stricken as being without authority in law or in the rules or practice of this court. See Kronberg v. Hale, 9 Cir., 181 F.2d 767."

This de novo consideration may lead to the conviction that, while it is useless for the same three judges themselves to rehear the case, nevertheless the case is of such significance that it deserves the attention of the court en banc. This appears from the following language of the Supreme Court's decision 73 S.Ct. 656, at page 664:

> "Finally, it is essential to recognize that the question of whether a cause should be heard en banc is an issue which should be considered separate and apart from the question of whether there should be a rehearing by the division. The three judges who decide an appeal may be satisfied as to the correctness of their decision. Yet, upon reflection, after fully hearing an appeal, they may come to believe that the case is of such significance to the full court that it deserves the attention of the full court."

It should also be clear to the division that the court en banc has returned the case to the division without passing on or expressing any opinion on whether the following factors in the case are or are not sufficient to warrant a rehearing en banc. These factors are:

(a) That the case is described by the Supreme Court as "difficult and complicated litigation", 73 S.Ct. at page 666, and that it is "as complicated as it is unique", 73 S.Ct. at page 657.

(b) That the amount involved in the case is stupendous, being $21,000,000., and that the issues are very intricate such as might invoke the pooled wisdom of all the circuit judges as stated in the opinion of Mr. Justice Frankfurter 73 S.Ct. at page 666.

(c) That the Supreme Court deems this case so important that it granted certiorari on the merits as well as on the question of rehearings en banc.

---

guage of our former opinion was a ruling which "came as a matter of statutory compulsion * * * it rests on an erroneous interpretation of § 46(c)." Since the Supreme Court decision in this case

it has been clear that any time a majority of all the judges of this court choose to order a hearing or rehearing en banc in any case whatever, they may do so.